**GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@go2.law
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Telephone 714-966-1000
Facsimile 714-966-1002

Attorneys for Plaintiff
Sam Rumi

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>ROMEL NASSIF KFOURY,<br><br>Debtor. | Case No. 8:26-bk-12156 SC<br><br>Chapter 7<br><br>Adv. Proc. No. ________________ |
| SAM RUMI,<br><br>Plaintiff,<br><br>v.<br><br>ROMEL NASSIF KFOURY, aka ROMEL KFOURY, an individual,<br><br>Defendant. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)**<br><br><u>Initial Status Conference:</u><br><br>Date: to be set by Court<br>Time: to be set by Court<br>Ctrm: 5C |

Plaintiff Sam Rumi ("Plaintiff" or "Rumi"), by and through his attorneys of record, Golden Goodrich LLP, files this Complaint against Defendant Romel Nassif Kfoury, a/k/a Romel Kfoury ("Defendant" or "Kfoury"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b), which grants original jurisdiction over civil proceedings arising under title 11 or arising in or related to cases under title 11.



Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), as it involves a determination as to the dischargeability of particular debts.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a) because this adversary proceeding is related to Defendant's Chapter 7 bankruptcy case, Case No. 8:26-bk-12156-SC, which is pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

4. This Complaint is timely filed. The deadline to file complaints objecting to the dischargeability of debts in this case is October 9, 2026.

**PARTIES**

5. Plaintiff Sam Rumi is a creditor of Defendant in the above-captioned bankruptcy case.

6. Plaintiff is informed and believes, and upon that basis, alleges that Defendant Romel Nassif Kfoury, a/k/a Romel Kfoury, is an individual who, on July 15, 2026, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in this Court, Case No. 8:26-bk-12156-SC. Defendant is, or was, a home improvement contractor holding California State License Board ("CSLB") License No. 896619, who operated under the fictitious business name "Apex Estate Construction" without filing the required fictitious business name statements pursuant to California Business and Professions Code Section 17918.

7. Plaintiff is informed and believes, and upon that basis, alleges that at all relevant times, Defendant conducted business as a home improvement contractor in Orange County, California, soliciting, contracting for, and purportedly performing home improvement work at residential properties, including the property of Plaintiff.

8. Plaintiff is informed and believes, and upon that basis, alleges that Defendant previously filed a Chapter 7 bankruptcy petition in this District on June 19, 2026, Case No. 26-11890, which was dismissed on July 7, 2026, for failure to file required information, before filing the instant case.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**BACKGROUND AND GENERAL ALLEGATIONS**

9. Plaintiff is informed and believes, and upon that basis, alleges that Elite Kitchen and Bathroom, Inc. ("Elite") is a California corporation that was not, at any relevant time, licensed as a contractor by the Contractors State License Board of the State of California.

10. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury is the alter ego of Elite. There exists, and at all relevant times there existed, a unity of interest and ownership between Kfoury and Elite such that any individuality and separateness between Kfoury and Elite has ceased, and adherence to the fiction of the separate existence of Elite would sanction a fraud and promote injustice.

11. Plaintiff is informed and believes, and upon that basis, alleges that on or about May 17, 2021, Plaintiff entered into contracts with Kfoury and Elite for home improvement work at Plaintiff's single-family residence located at 66 Lone Mountain, Irvine, California (the "Rumi Home"). The original contract price was $195,773.00 for flooring, cabinets, beams, crown molding, baseboards, countertops, painting, and related work.

12. Plaintiff is informed and believes, and upon that basis, alleges that the contracts were subsequently amended through various change orders, designated as *Change Orders One through Four*, which added scope including office crown molding, lights, painting, kitchen countertop replacement, and other work.

13. Plaintiff is informed and believes, and upon that basis, alleges that the contracts between Plaintiff and Kfoury/Elite constitute "home improvement contracts" as defined by California Business and Professions Code Section 7151.2.

14. Plaintiff is informed and believes, and upon that basis, alleges that during the performance of the contracts, Plaintiff paid Elite the total sum of $220,813.58.

15. Plaintiff performed all conditions, covenants, and material obligations required of him under the contracts, including Change Orders One through Four, except to

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

the extent such performance was excused, waived, or prevented by the conduct and breaches of Kfoury and Elite.

16. Plaintiff is informed and believes, and upon that basis, alleges that Elite billed Plaintiff for all work performed under the contracts, demanded that all payments be made to Elite, accepted all payments from Plaintiff, and issued change orders in its own name—despite the fact that Elite was not licensed as a contractor in the State of California.

17. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury and Elite violated California Business and Professions Code Section 7159 by failing to include all terms required by law in the home improvement contracts.

18. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury and Elite violated California Business and Professions Code Section 7159.5 by charging Plaintiff a downpayment of $70,000.00, which exceeded the statutory maximum of $1,000.00 or ten percent (10%) of the contract price, whichever is less.

19. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury and Elite violated California Business and Professions Code Section 7159.5 by requesting and accepting payments from Plaintiff that exceeded the value of work performed or materials delivered to the Rumi Home.

20. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury and Elite abandoned the contracts before completion of the work in violation of California Business and Professions Code Section 7107.

21. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury aided and abetted Elite, a non-licensed entity, in the performance of contractor work at the Rumi Home in violation of California Business and Professions Code Section 7114.

22. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury contracted with Elite, an unlicensed entity, in connection with the home improvement work at the Rumi Home in violation of California Business and Professions Code Section 7118.

23. Plaintiff is informed and believes, and upon that basis, alleges that the work performed at the Rumi Home was defective and below applicable workmanship and performance standards, including but not limited to defective flooring work.

24. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury and Elite breached the contracts, including Change Orders One through Four, by, among other things, performing defective work below applicable workmanship and performance standards, failing to complete the work, abandoning the contracts, and demanding and accepting payments in excess of the value of the work performed and materials delivered. As a direct and proximate result of these breaches, Plaintiff has suffered damages, including the cost to repair and complete the defective and unfinished work, in an amount to be proven at trial. Kfoury is liable for such damages individually and as the alter ego of Elite. These contract damages form part of the debt owed by Kfoury to Plaintiff that is the subject of this Complaint.

25. Plaintiff is informed and believes, and upon that basis, alleges that because Elite was not licensed as a contractor at any time during the performance of the contracts, Plaintiff is entitled, pursuant to California Business and Professions Code Section 7031(b), to recover all compensation paid to Elite for the performance of any act or contract requiring a contractor’s license, without regard to the quality of the work or the value of any benefit conferred. Plaintiff paid Elite the total sum of $220,813.58, and Plaintiff is therefore entitled to statutory disgorgement of the full $220,813.58. Kfoury is liable for such disgorgement individually and as the alter ego of Elite. This statutory disgorgement obligation forms part of the debt owed by Kfoury to Plaintiff that is the subject of this Complaint.

26. Plaintiff’s right to recover damages for breach of the contracts and Plaintiff’s right to statutory disgorgement of $220,813.58 under California Business and Professions Code Section 7031(b) are separate and independent theories of recovery. Neither theory limits, reduces, or is a condition of the other, and each independently establishes the

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

nature and amount of the debt owed by Kfoury to Plaintiff that is subject to a determination of nondischargeability herein. Plaintiff pleads these theories cumulatively and, to the extent required, in the alternative, and reserves the right to elect among remedies as permitted by law.

27. Plaintiff is informed and believes, and upon that basis, alleges that the contracts provide for an award of reasonable attorney's fees and costs to the prevailing party in any action arising out of or relating to the contracts. Plaintiff is entitled to recover his reasonable attorney's fees and costs incurred in the Civil Action and in this adversary proceeding pursuant to the terms of the contracts, California Civil Code Section 1717, California Code of Civil Procedure Sections 1021 and 1033.5(a)(10), and any other applicable statutory authority. Such attorney's fees and costs arise from the same conduct alleged herein and form part of the nondischargeable debt owed by Kfoury to Plaintiff.

28. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury has been the subject of numerous complaints filed with the Contractors State License Board since 2014 and has been disciplined numerous times for wide-ranging violations of the California Business and Professions Code.

29. Plaintiff is informed and believes, and upon that basis, alleges that on or about August 3, 2023, Plaintiff filed a *First Amended Complaint* in the Superior Court of California, County of Orange, Central Justice Center, Case No. 30-2023-01339990-CU-BC-CJC, against Kfoury (d/b/a Apex Estate Construction) and Elite, asserting claims arising from the foregoing conduct, including claims for breach of contract and for disgorgement under California Business and Professions Code Section 7031(b) ("Civil Action").

30. Plaintiff is informed and believes, and upon that basis, alleges that the Civil Action was stayed as a result of the Defendant's instant bankruptcy filing.

/ / /

/ / /

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**FIRST CLAIM FOR RELIEF**

*(Nondischargeability under* § 523(a)(2)A) for *False Pretenses, False Representation, or Actual Fraud)*

31. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

32. Pursuant to 11 U.S.C. § 523(a)(2)(A), a debt is excepted from discharge to the extent it was obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

33. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury represented to Plaintiff that he was a properly licensed, qualified, and competent home improvement contractor who would perform all work at the Rumi Home in compliance with applicable laws, building codes, and industry standards.

34. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury represented to Plaintiff that work would be performed by or under the supervision of his contractor's license (CSLB License No. 896619) through his business, Apex Estate Construction.

35. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury's representations were false. In truth and in fact, Kfoury channeled all work through Elite, an entity that was not licensed as a contractor in the State of California, while billing and collecting all payments through Elite.

36. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury concealed from Plaintiff that Elite was not a licensed contractor and that Elite—not Kfoury or Apex Estate Construction—would be performing and billing for the work.

37. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury knowingly charged Plaintiff an illegal and excessive downpayment of $70,000.00, far exceeding the statutory maximum of $1,000.00, in violation of California Business and Professions Code Section 7159.5.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

38. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury knowingly collected payments from Plaintiff that exceeded the value of work performed or materials delivered.

39. Plaintiff is informed and believes, and upon that basis, alleges that at the time Kfoury made the foregoing representations, Kfoury knew the representations were false or made them with reckless disregard for their truth or falsity.

40. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury's extensive history of CSLB complaints and disciplinary actions dating back to 2014 demonstrates his knowledge of and disregard for licensing requirements and contractor obligations under California law.

41. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury intended to deceive Plaintiff and to induce Plaintiff's reliance upon his false representations for the purpose of obtaining money and payments from Plaintiff.

42. Plaintiff is informed and believes, and upon that basis, alleges that Plaintiff justifiably relied upon Kfoury's representations that he was a properly licensed contractor who would perform the work in compliance with applicable laws. Plaintiff would not have entered into the contracts or made payments to Kfoury and Elite had Plaintiff known the true facts.

43. Plaintiff is informed and believes, and upon that basis, alleges that as a direct and proximate result of Kfoury's false pretenses, false representations, and actual fraud, Plaintiff has been damaged in an amount no less than $220,813.58, plus interest. The debt arising from such conduct includes, without limitation, (a) Plaintiff's right to statutory disgorgement of the full $220,813.58 paid to Elite pursuant to California Business and Professions Code Section 7031(b), and (b) Plaintiff's damages for breach of the contracts, together with attorney's fees and costs recoverable under the contracts and applicable statutes, each as alleged in paragraphs 24 through 27 above, which are separate and independent measures of the debt.

44. Plaintiff is informed and believes, and upon that basis, alleges that the debt owed by Kfoury to Plaintiff was obtained by false pretenses, false representations, and actual fraud, and is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

**SECOND CLAIM FOR RELIEF**

*(Nondischargeability under § 523(a)(6) for Willful and Malicious Injury)*

45. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 44 above as though fully set forth herein.

46. Pursuant to 11 U.S.C. § 523(a)(6), a debt for willful and malicious injury by the debtor to another entity or to the property of another entity is excepted from discharge.

47. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury's conduct was willful. Kfoury deliberately used Elite, an unlicensed entity, to perform and bill for contractor work at the Rumi Home. Kfoury deliberately charged Plaintiff an excessive downpayment of $70,000.00 in violation of California Business and Professions Code Section 7159.5. Kfoury deliberately accepted payments from Plaintiff that exceeded the value of work performed or materials delivered. Kfoury deliberately performed defective work below applicable workmanship and performance standards. Kfoury deliberately abandoned the contracts before completion of the work.

48. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury intended to cause injury to Plaintiff, or alternatively, Kfoury's conduct was substantially certain to cause injury to Plaintiff. Kfoury knew or should have known that channeling work through an unlicensed entity, charging an illegal excessive downpayment, collecting payments beyond the value of work performed, performing defective work, and ultimately abandoning the project would cause financial injury to Plaintiff.

49. Plaintiff is informed and believes, and upon that basis, alleges that Kfoury's conduct was malicious. Kfoury's actions were wrongful and without just cause or excuse. Kfoury had been disciplined by the Contractors State License Board multiple times for the same types of violations he committed against Plaintiff, demonstrating that his conduct

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

was not merely negligent but was undertaken in conscious disregard of his legal obligations and the rights of Plaintiff.

50. Plaintiff is informed and believes, and upon that basis, alleges that the injury to Plaintiff was the necessary and certain consequence of Kfoury's intentional conduct. Kfoury's actions were not an accident or the result of mere negligence, but were deliberate acts undertaken with the knowledge that financial injury to Plaintiff would necessarily result.

51. Plaintiff is informed and believes, and upon that basis, alleges that as a direct and proximate result of Kfoury's willful and malicious conduct, Plaintiff has been damaged in an amount no less than $220,813.58, plus interest. The debt arising from such conduct includes, without limitation, (a) Plaintiff's right to statutory disgorgement of the full $220,813.58 paid to Elite pursuant to California Business and Professions Code Section 7031(b), and (b) Plaintiff's damages for breach of the contracts, together with attorney's fees and costs recoverable under the contracts and applicable statutes, each as alleged in paragraphs 24 through 27 above, which are separate and independent measures of the debt.

52. Plaintiff is informed and believes, and upon that basis, alleges that the debt owed by Kfoury to Plaintiff arises from willful and malicious injury and is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sam Rumi respectfully requests that this Court enter judgment as follows:

A. Declaring that the debt owed by Defendant Romel Nassif Kfoury to Plaintiff Sam Rumi is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

B. Declaring that the debt owed by Defendant Romel Nassif Kfoury to Plaintiff Sam Rumi is nondischargeable pursuant to 11 U.S.C. § 523(a)(6);

C. Entering a money judgment against Defendant in an amount no less than $220,813.58, representing statutory disgorgement of all compensation paid to Elite pursuant to California Business and Professions Code Section 7031(b), and, separately and independently, damages for breach of the contracts in an amount to be proven at trial, plus prejudgment interest at the legal rate;

D. Awarding Plaintiff his costs of suit incurred herein;

E. Awarding Plaintiff his reasonable attorney's fees pursuant to the terms of the contracts, California Civil Code Section 1717, California Code of Civil Procedure Sections 1021 and 1033.5(a)(10), and any other applicable statutory authority, and declaring such fees nondischargeable;

F. Granting such other and further relief as the Court deems just and proper.

Dated: October 8, 2026 GOLDEN GOODRICH LLP

By: /s/ David M. Goodrich
DAVID M. GOODRICH
Attorneys for Plaintiff
Sam Rumi

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>SAM RUMI | **DEFENDANTS**<br>ROMEL NASSIF KFOURY, aka ROMEL KFOURY, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Golden Goodrich LLP<br>3070 Bristol St., Ste 640, Costa Mesa, CA 92626<br>(714) 966-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
[2] 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $220,813.58 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ROMEL NASSIF KFOURY | BANKRUPTCY CASE NO.<br>8:26-bk-12156-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>SCOTT C. CLARKSON |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ David M. Goodrich* | | |
| DATE<br>October 8, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David M. Goodrich | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.